1  **WO**

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT

7                   FOR THE DISTRICT OF ARIZONA

8

9  Marc A. Wichansky,                        No. CV-13-01208-PHX-DGC

10                    Plaintiff,              **ORDER**

11 v.

12 David T. Zowine, et al.,

13                    Defendants.

14

15        In a conference call on September 19, 2015, the parties disagreed on whether the

16 attorney-client privilege and work product protection apply to communications that

17 occurred between Plaintiff Marc Wichansky and his father-in-law, George Prussin,

18 including communications that included Plaintiff's current litigation counsel.  The Court

19 directed the parties to file memoranda on this issue.  Plaintiff was also directed to deliver

20 to the Court, for *in camera* review, all documents withheld by Plaintiff, Mr. Prussin, or

21 Plaintiff's counsel on the basis of this privilege claim.

22        The Court has reviewed the parties' memoranda and the documents submitted *in*

23 *camera*.   The Court concludes that the emails in question are not protected by the

24 attorney-client privilege but are protected as work product.

25 **I.    Attorney-Client Privilege.**

26        Plaintiff's memorandum and the communications reviewed *in camera* make clear

27 that Mr. Prussin is a friend of Plaintiff's, as well as his father-in-law, and an individual

28 from whom Plaintiff seeks counsel.  The submissions also make clear that Mr. Prussin

1   did discuss litigation strategy with Plaintiff and his counsel.  The Court cannot conclude,

2   however, that this relationship brings Mr. Prussin within the attorney-client privilege.

3   The following discussion from *United States v. Evans*, 113 F.3d 1457 (7th Cir. 1997), is

4   particularly relevant:

5   
6   The attorney-client privilege shields only those communications by a
    client to an attorney that were intended to be confidential.  Thus as a
7   general matter, the attorney-client privilege will not shield from disclosure
    statements made by a client to his or her attorney in the presence of a third
8   party who is not an agent of either the client or attorney.  See 8 Wigmore,
    Evidence § 2311 ("One of the circumstances by which it is commonly
9   apparent that the communication is not confidential is the *presence of a
10  third person* who is not the agent of either client or attorney."); *In re Walsh*,
    623 F.2d 489, 495 (7th Cir. 1980) (attorney required to testify about
11  meetings with client at which third parties were present), certiorari denied,
    449 U.S. 994, 101 S. Ct. 531, 66 L. Ed. 2d 291.  As Wigmore explains, the
12  presence of such a third party defeats the privilege even though the client
13  may harbor a desire for confidentiality because the privilege "goes no
    further than is necessary to secure the client's subjective freedom of
14  consultation. . . .   The *presence of a third person* (other than the agent of
15  either) is obviously unnecessary for communications to the attorney as
    such."  8 Wigmore, Evidence § 2311.
16

17  *Id.* at 1462 (emphasis in original).

18       The court in *Evans* held that the presence of the defendant's friend, Holden, in

19  communications with attorneys, resulted in waiver of the attorney-client privilege even

20  though Holden was there to provide support and advice, to help locate a suitable criminal

21  defense attorney, and was himself a lawyer.  The Seventh Circuit found that "the critical

22  inquiry" was whether Holden "was acting in his capacity as a professional legal advisor –

23  as opposed to his capacity as a long-time friend who happens to be a lawyer."  *Id.* at

24  1463.   The court found that "Holden was present merely as a friend and potential

25  character witness.  This is plainly insufficient to establish the necessity of Holden's

26  presence."  *Id.* at 1465.  Because Holden was not necessary to the communications, the

27  attorney-client privilege did not apply.

28       Other cases are in accord.  *See, e.g.*, *Cavallaro v. United States*, 284 F.3d 236,

- 2 -

247-49 (1st Cir. 2002) (finding communications between a party and an accounting firm not privileged where the firm was retained to provide accounting services, not to assist in providing legal services); *United States v. Ackert*, 169 F.3d 136, 139 (2d Cir. 1999) (finding communications between a party's lawyer and an investment banker not privileged where the lawyer's purpose was "to gain information and to better advise his client"); *State v. Super. Ct., In & For Cnty. of Pima*, 586 P.2d 1313, 1315-16 (Ariz. Ct. App. 1978) (finding communications between a party and an insurance claims adjuster not privileged where the party lacked control over the claims adjuster, indicating the absence of an agency relationship).

Plaintiff relies on *Benedict v. Amaducci*, No. 92-cv-05239-KMW, 1995 WL 23555 (S.D.N.Y. Jan. 20, 1995), in which a plaintiff informally retained a close friend with financial expertise to act as a financial advisor and assist in preparing plaintiff for litigation. *Id.* at *1. The court found that the advisor became the functional equivalent of an independent contractor, and eventually entered into an oral agreement to receive compensation for his services. *Id.* The court held that the privilege protected only "those communications involving [the advisor] when he was acting as plaintiffs' representative with respect to litigation, impending or pending." *Id.* at *2.

Mr. Prussin is more like the friend in *Evans* than the friend in *Benedict*. The Court cannot conclude that Mr. Prussin acted as an independent contractor. Plaintiff has not identified any agreement that Mr. Prussin act in that capacity or be paid for his services. Mr. Prussin's actions were much like those of Holden in the *Evans* case – a friend helping to arrange counsel, providing support, and participating in attorney-client communications. As in *Evans*, the Court concludes that Mr. Prussin was not necessary to Plaintiff's communications with his counsel and does not fall within the privilege.

Plaintiff's other cases are no more persuasive. Each involved a third person who was the functional equivalent of an agent or employee. *See Neighborhood Dev. Collaborative v. Murphy*, 233 F.R.D. 436, 440 (D. Md. 2005) (finding communications between a party and its financial consultant privileged where the consultant "essentially

1    functioned as the plaintiff's employee with respect to the transaction at issue"); *Carte*

2    *Blanche (Singapore) Pte. Ltd. v. Diners Club Int'l, Inc.*, 130 F.R.D. 28, 34 (S.D.N.Y.

3    1990) (finding communications between a party and its agent privileged based on "the

4    existence of an agency relationship"); *Harkobusic v. Gen. Am. Transp. Corp.*, 31 F.R.D.

5    264, 266 (W.D. Penn. 1962) (finding communications between a party and his brother-in-

6    law privileged where "plaintiff's brother-in-law was acting as plaintiff's agent in

7    communicating with various attorneys").

8    **II.    Work Product.**

9        Work product consists of "documents and tangible things that are prepared in

10   anticipation of litigation or for trial by or for another party or its representative." Fed. R.

11   Civ. P. 26(b)(3)(A).  The protection thus applies to documents prepared "by" a party's

12   representative, including his attorney, consultant, surety, indemnitor, insurer, or agent.

13   *Id.*  For reasons discussed above, the Court concludes that Mr. Prussin does not fall into

14   any of these categories.  The protection also applies, however, to documents prepared

15   "for" a party or his representative.  *Id.*  The list of persons in Rule 26(b)(3)(A) – attorney,

16   consultant, surety, indemnitor, insurer, or agent – defines "representative," and thus

17   identifies the persons "by or for" whom work product may be prepared.  *Id.*  It does not

18   limit the persons who can prepare work product "for" a party or its representative.

19       The Ninth Circuit has identified only two requirements for the work product

20   protection to apply to documents:  "(1) they must be 'prepared in anticipation of litigation

21   or for trial,' and (2) they must be prepared 'by or for [the] party [seeking the protection]

22   or by or for that . . . party's representative.'"  *In re Grand Jury Subpoena*, 357 F.3d 900,

23   907 (9th Cir. 2004) (quoting Fed. R. Civ. P. 26(b)(3)) (citations omitted).  The emails

24   written by Mr. Prussin satisfy both requirements.  The emails were written in anticipation

25   of litigation and for Plaintiff.

26       The work product protection applies not only to emails written by Mr. Prussin to

27   Plaintiff and his counsel, but also to emails written to Plaintiff alone, so long as they were

28   written in anticipation of litigation.  As the Advisory Committee Note to Rule 26(b)(3)

1

2

3

4

5

6

7

8

makes clear, a lawyer need not be party to a document for work product protection to apply:  "Subdivision (b)(3) reflects the trend of the cases by requiring a special showing, not merely as to materials prepared by an attorney, but also as to materials prepared in anticipation of litigation or preparation for trial *by or for a party* or any representative acting on his behalf."  Fed. R. Civ. P. 26(b)(3) advisory committee note (1970) (emphasis added).  Thus, "'a lawyer need not be involved at all for the work product protection to take effect.'" *Goff v. Harrah's Operating Co., Inc.*, 240 F.R.D. 659, 660 (D. Nev. 2007) (quoting Roger Park et al., Hornbook on Evidence Law § 8.09 (West 2d ed. 2004)).[1]

9

10

11

The Court concludes that emails written by Mr. Prussin satisfy the requirements for work product protection.  They were written to a party in this litigation in anticipation of litigation.

12

13

14

15

16

The Court also concludes that emails written by Plaintiff and his counsel in anticipation of litigation constitute work product, and that they retain this protection even though they were shared with Mr. Prussin.  As many courts have recognized, unlike the more sensitive attorney-client privilege, waiver of work product protection does not occur simply because a document is shared with a third person:

17

18

19

20

21

22

> A disclosure to a third party waives the attorney-client privilege unless the disclosure is necessary to further the goal of enabling the client to seek informed legal assistance.  Because the work-product doctrine serves instead to protect an attorney's work product from falling into the hands of an adversary, a disclosure to a third party does not necessarily waive the protection of the work-product doctrine. *Most courts hold that to waive the protection of the work-product doctrine, the disclosure must enable an adversary to gain access to the information.*

23

24

*Westinghouse Elec. Corp. v. Republic of Phil.*, 951 F.2d 1414, 1428 (3d Cir. 1991)

25

26

27

28

---

[1] Even though Rule 26(b)(3) refers only to "documents and tangible things," work product protection also can apply to emails.  *See In re EchoStar Commc'ns Corp.*, 448 F.3d 1294, 1301 (Fed. Cir. 2006) ("work-product immunity protects documents and tangible things, such as memorandums, letters, and e-mails"); *Judicial Watch, Inc. v. Dep't of Justice*, 432 F.3d 366, 372 (D.C. Cir. 2005) ("the emails at issue in this case are attorney work product"); 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure* § 2024 ("protection under Rule 26(b)(3) should apply equally to electronically stored information").

1
2
3
4

(emphasis added); *see also* 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure* § 2024.  Thus, as courts have recognized, "[o]ne may waive the attorney-client privilege without waiving the work product privilege." *Goff*, 240 F.R.D. at 661 (citations omitted).

5
6
7
8
9
10
11
12
13
14

As other courts have explained, disclosure of work product to third persons "generally does not waive the work product immunity unless it has substantially increased the opportunities for potential adversaries to obtain the information." *Cal. Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 645 (E.D. Cal. 2014) (citation and quotation marks omitted).  "'Disclosure to [a] person with interest[s] common to that of attorney or client is not inconsistent with intent to invoke work product doctrine's protection and would not amount to waiver.'"  *Id.* (quoting *In re Doe*, 662 F.2d 1073, 1081 (4th Cir. 1981)); *see also United States v. Stewart*, 287 F. Supp. 2d 461, 469 (S.D.N.Y. 2003) (finding no waiver of work product protection of an email between a party and her attorney after the party forwarded the email to her daughter).

15
16
17
18
19

Mr. Prussin is closely allied with Plaintiff in this litigation.  His interests are aligned with Plaintiff's.  The Court cannot conclude that disclosure of work product to him substantially increased the opportunity for Defendants to obtain the information, or that it was otherwise inconsistent with the work product protection.  The Court concludes, therefore, that the disclosure did not waive the protection.

20
21
22
23
24
25
26
27

Defendants do not make a showing of substantial need under Rule 26(b)(3)(A)(ii). Defendants do argue that the Court should deem the work product protection waived as a discovery sanction.  Doc. 251 at 3.  The Court is not persuaded.  Although the Court previously concluded that Mr. Prussin could be deposed because he did not fall within the attorney-client privilege or the work product protection (Doc. 215), and the Court continues to view the deposition of Mr. Prussin as proper, the Court did not rule on the specific work product issues addressed here and cannot conclude that Plaintiff acted in bad faith by raising these arguments.

28

**IT IS ORDERED** that emails written by Mr. Prussin, to Plaintiff or his counsel,

1    in anticipation of litigation, are entitled to work product protection.  Emails written by

2    Plaintiff or his counsel in anticipation of litigation are also entitled to work product

3    protection, even if they were shared with Mr. Prussin.

4         Dated this 29th day of September, 2015.

_David G. Campbell_
David G. Campbell
United States District Judge