**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marc A. Wichansky,<br><br>    Plaintiff,<br><br>v.<br><br>David T. Zowine, et al.,<br><br>    Defendants. | No. CV-13-01208-PHX-DGC<br><br>**ORDER** |

The Court has reviewed the matrix submitted by the parties pursuant to the Court's direction. Doc. 279. The numbered paragraphs that follow correspond to the issues identified in the matrix.

1. Mr. Quinlan instructed Defendant Zowine not to answer questions about three subjects: an email produced in the litigation, Mr. Zowine's alleged gambling, and Mr. Zowine's mental health. Defendants do not dispute that these instructions were given, but argue that the first category of questions concerned a document Mr. Quinlan thought should be sequestered (Defendants do not say why). Defendants no longer claim the document should be sequestered. Defendants assert that the latter two categories of questions were irrelevant.

Rule 30(c)(2) is clear:

> An objection at the time of the examination – whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition – must be noted on the record, *but the examination still proceeds; the testimony is taken subject to*

> *any objection. . . . A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).*

Fed. R. Civ. P. 30(c)(2) (emphasis added).

Mr. Quinlan's instructions were improper. Defendants do not contend that his instruction not to answer questions about the document was based on a privilege or was given to enforce a limitation ordered by the Court, and Defendants never presented a motion under Rule 30(d)(3) with respect to the document. And instructions not to answer based on irrelevancy are improper. *See, e.g., Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995) ("It is inappropriate to instruct a witness not to answer a question on the basis of relevance.").

Plaintiff may resume the deposition of Mr. Zowine, to inquire into these three topics only, in connection with other litigation events that will require Plaintiff's counsel to be in Phoenix. The resumed deposition will be limited to one hour. The Court makes no determination regarding the relevancy of these topics at trial. Mr. Quinlan shall pay the cost of the court reporter for this one-hour deposition. Fed. R. Civ. P. 30(d)(2). The Court will not require payment of travel expenses for Plaintiff's counsel because the deposition will be held in connection with other Phoenix events, nor will the Court require payment of Plaintiff's attorneys' fees because those fees would have been incurred in completing the questioning if the instructions had not been given.[1]

2.      The Court has reviewed the portions of the Glassman transcript provided with the matrix (Doc. 279-2) and does not find that defense counsel engaged in improper conduct or coaching. Defense counsel called for a break in the deposition and, during the break, reminded the witness to be careful in responding to questions and seek clarification if she was confused. This was not improper coaching. The witness then told defense counsel that she had, in fact, been confused by questions asked before the break, and defense counsel suggested the witness mention this to the questioning attorney and

---

[1] This resumed deposition is a limited exception to the Court's order at Doc. 280.

- 2 -

clarify her answers when an appropriate opportunity arose. The witness did so after the break, and appears to have provided candid clarification consistent with her earlier testimony.

3. Plaintiff shall respond to the pending motions in limine on or before **November 16, 2015**.

4. Plaintiff, through his counsel, waived any privilege in the Plattner email by not objecting to use of and questions about the email in the deposition of Rick Nye. *See Luna Gaming-San Diego, LLC v. Dorsey & Whitney, LLP*, 2010 WL 275083, at *5 (S.D. Cal. 2010) ("Under both state and federal law, if a privileged document is used at a deposition, and the privilege holder fails to object immediately, the privilege is waived."); *Brandon v. D.R. Horton, Inc.*, 2008 WL 2096883, *3 (S.D. Cal. 2008) (Failure to assert the privilege at client's deposition is clear proof that, even if there was a privilege, it was absolutely and irrevocably waived, regardless of whether disclosure was inadvertent); *Federal Deposit Ins. Corp. v. Ernst & Whinney*, 137 F.R.D. 14, 19 (E.D. Tenn. 1991) (Finding a waiver of privilege where a document was marked as an exhibit at a deposition without a claim of privilege or objection at the time); *Perrignon v. Bergen Brunswig Corp.*, 77 F.R.D. 455, 459 (N.D. Cal. 1978) (Waiver of privilege found where information disclosed in deposition without objection).

5. By October 30, 2015, Plaintiff shall produce to the Court, *in camera*, copies of the documents that Darrin Jeffries and his counsel found subject to production but that Plaintiff instructed them not to produce. The Court will review the documents and determine whether they should have been produced under Doc. 247.

6. The Court's order with respect to Defendants' work product claim was not limited to "employee-to-employee" communications as Defendants suggest. Doc. 279-1 at 6. It included "documents that were compiled by Defendants' employees, under the direction of attorney Julie Nelson, for the purpose of responding to the AHCCS investigation." Doc. 247 at 4. Defendants describe the document in question as having been "created exclusively for Julie Nelson, the Company's lawyer, and was

1  communicated directly to her." Doc. 279-1 at 6. The document thus was created by
2  another in the company for use by Ms. Nelson, and Defendants do not dispute that it was
3  created as part of the investigation that was the subject of the Court's previous order.
4  The Court declines Defendants' request to sanction Plaintiff and hold the supplemental
5  expert reports inadmissible on this basis.
6     Dated this 27th day of October, 2015.

*David G. Campbell*
David G. Campbell
United States District Judge