**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marc A. Wichansky, | No. CV-13-01208-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| David T. Zowine, et al., | |
| Defendants. | |

Defendants move for reconsideration on two issues addressed by the Court's December 11, 2015 order (Doc. 310). Doc. 314. Specifically, Defendants ask this Court to grant reconsideration on (1) whether the statute of limitations bars Wichansky's claim that Zowine breached his fiduciary duties by failing to prevent billing fraud at MGA, and (2) whether the Superior Court's valuation judgment precludes Wichansky from recovering Receiver's fees. Because Defendants have failed to identify any error in the Court's order, let alone the type of "manifest error" that would justify reconsideration (*see* LRCiv. 7.2(g)), the motion will be denied.

**1.     Statute of Limitations.**

In its previous order, the Court denied Defendant's motion for summary judgment on Wichansky's claim that Zowine breached his fiduciary duties by failing to prevent billing fraud at MGA. Doc. 310 at 5-9, *see id.* at 15-17. Defendants ask the Court to reconsider this ruling with respect to any breach of fiduciary duty claim based on Zowine's alleged failure to implement proper billing and accounting procedures at MGA,

arguing that Wichansky claims to have known before the onset of the limitations period that Zowine was in control of MGA and that MGA was experiencing billing issues. Doc. 314 at 2.

As the Court explained in its order, the limitations period for a breach of fiduciary duty claim "begins to run when the plaintiff discovers the cause of action – that is, when the plaintiff knows, or reasonably should know, that he has been harmed, that the harm was caused by the defendant, and that the act or omission which caused the harm was wrongful." Doc. 310 at 5 (citing *Walk v. Ring*, 44 P.3d 990, 996 (Ariz. 2002); *Doe v. Roe*, 955 P.2d 951, 961 (Ariz. 1998)). Defendants' motion for summary judgment on the breach of fiduciary duty claim did not address when Wichansky knew or should have known of Zowine's alleged failure to implement proper procedures. Defendants focused instead on when Zowine's duty to implement such procedures arose:

> If Zowine had a duty to stop billing fraud, that duty would have arisen no later than 2010. Similarly, if Zowine was in charge of medical billing "long before" 2010 (Doc. 160 ¶ 59), his duty to investigate and institute policies to prevent fraud would have been triggered then. A breach of fiduciary duty claim premised on the Medical Billing Theories is therefore time-barred.

Doc. 275 at 3 (legal citations omitted).

Defendants argue in their motion for reconsideration that "if Wichansky was aware of medical billing issues, regardless of whether he knew who was responsible for creating those issues, he was on notice that the absence of anti-fraud policies and procedures might be a problem at the company – which would have been Zowine's responsibility as the person in 'complete managerial control of [MGA's] billing processes.'" Doc. 314 at 3. This argument focuses on Wichansky's knowledge rather than Zowine's duty and therefore differs from the argument made in the summary judgment motion. Motions for reconsideration are not the place to make arguments that could have been made in the original briefing. *Nw. Acceptance Corp. v. Lynnwood*

*Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

In addition, Defendants' original motion did not show that knowledge of medical billing issues is tantamount to knowledge that proper accounting procedures have not been implemented. Surely even businesses with proper procedures sometimes encounter billing problems. The fact that procedures are implemented does not mean that they will always be followed by every employee, nor does it mean that the manager will always be aware when procedures are not followed. Defendants failed to show in their motion that Wichansky's pre-limitations-period knowledge included the fact that Zowine had failed to implement proper billing and accounting procedures.

**2.     Receiver's Fees**.

The previous order declined to accept Wichansky's argument that this Court should impose a penalty for Defendants' failure to comply with the state court order, noting that enforcement of the state court order is the province of the state court. Doc. 310 at 13. The Court also noted, without deciding, that it likely would be improper for the Court to address alleged defects in the state court judgment. Doc. 310 at 12 n. 11. Defendants ask the Court to extend these observations to preclude Wichansky from recovering from Defendants the portion of the Receiver's fees assigned to Wichansky in the state court valuation proceeding, suggesting that doing so would re-litigate a matter "already addressed by the Superior Court." Doc. 314 at 4.

The Court does not agree with Defendants' characterization of the state court decision. The state court's task was to determine the fair value of Wichansky's share in the company as of the date he petitioned for dissolution. *See* A.R.S. § 10-1434(D). Following this statutory directive, Judge Oberbillig deducted a portion of the Receiver's fee from each of the company's owners in proportion to their ownership. Doc. 276-2 at 41-43. Judge Oberbillig explicitly disclaimed any intention to rule on either party's fiduciary duty claims, explaining that his valuation ruling would not have preclusive effect on these claims. Doc. 292-1 at 187-88 ("I'm not here on a fair value hearing to determine the other counts in the complaint. Breach of fiduciary duty, whatever those

might be. . . .  I don't think there's going to be preclusive effect."). Thus, permitting Wichansky to recover his portion of the Receiver's fee in this case as damages for breach of fiduciary duty will not re-litigate any matter decided by the state court.

**IT IS ORDERED** that Defendants' motion for reconsideration (Doc. 314) is **denied.**

Dated this 13th day of January, 2016.

David G. Campbell
United States District Judge