**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marc A. Wichansky,<br><br>               Plaintiff,<br><br>v.<br><br>David T. Zowine, et al.,<br><br>               Defendants. | No. CV-13-01208-PHX-DGC<br><br>**ORDER** |

Defendants previously filed a motion in limine to preclude Plaintiff from seeking damages at trial based on income he would have received from Zoel. *See* Doc. 336. At the final pretrial conference, the Court heard oral arguments from the parties and requested further briefing on the issue. *See* Doc. 387. After the final pretrial conference, the Court issued its pretrial ruling on the pending motions in limine, including a tentative ruling on the lost profits issue so the parties could address the Court's thinking in their supplemental briefing. *See* Doc. 394 at 13-15.

The parties subsequently filed simultaneous briefs, which included over eight hundred pages of supporting documentation. *See* Docs. 401; 402. The Court held oral arguments on March 30, 2016. Doc. 421. After continuing to consider the parties positions, the Court scheduled a second oral argument today. Before the argument, the Court provided the parties with an updated version of its thinking so they could address it directly. Doc. 425. The Court is now prepared to rule.

**I.     Background.**

In the summary judgment briefing, Defendants argued that Plaintiff could recover no "lost income" because the state court had valued his interest in Zoel on an income basis and Plaintiff therefore had been paid for any lost income. Doc. 275 at 27-28. Defendants argued that permitting Plaintiff to recover additional lost income "would amount to impermissible double recovery." *Id.* at 28. Plaintiff did not address this argument in his response. Doc. 288.

Because Defendants did not distinguish in their briefing between profit distributions and salary, and referred only to "lost income," the Court understood Defendants to be arguing about income in the traditional sense – salary. With this understanding, the Court denied this portion of Defendants' motion for summary judgment because the state court valuation focused on the income of Zoel, not Plaintiff. Doc. 310 at 11.

Defendants subsequently moved in limine to preclude evidence of lost profits. Doc. 336. Because the motion distinguished, for the first time, between lost profits and lost salary, the Court asked the parties to provide supplemental briefing. Doc. 394 at 13. As part of that briefing, the parties provided the Court with complete expert reports submitted in the state court valuation trial before Judge Oberbillig. *See* Docs. 401-1 at 2-162; 401-2 at 2-128. The Court reviewed both expert reports and confirmed that the state court proceeding valued Zoel on an income basis. Based on arguments the Court heard on March 30, 2016, however, the Court developed a new understanding of Plaintiff's damages theory. That understanding was confirmed by today's second oral argument. Plaintiff's position is as follows.

1.     Had Defendants not breached fiduciary duties, there would have been no dissolution of Zoel and no state court valuation. Therefore, any remedy for that breach must put Plaintiff, as nearly as possible, in the same financial position he would have been in had the breach not occurred.

2.     The state court proceeding valued Zoel, but it did not address Plaintiff's

breach of fiduciary duty claim. Plaintiff has cited several excerpts from the state court record which make clear that Judge Oberbillig did not decide or award damages for Defendants' alleged breach of fiduciary duty. Doc. 402 at 4-5.[1]

3. This case, then, addresses questions that were never decided in the state court: did Defendants breach fiduciary duties to Plaintiff, and, if so, what damages will restore Plaintiff to the financial position he would have been in had they not breached those duties?

4. Damages for breaches of fiduciary duty may include lost profits, lost salary, out of pocket expenses, and lost equity value. Plaintiff asserts that he has the right to choose his damages theory and select from among these possibilities.

5. Plaintiff has chosen, as the remedy for the breach of fiduciary duty that has never been litigated before, recovery of his lost profits and lost salary, and out-of-pocket expenses. These damages measures are set forth in his expert report. Doc. 276-6 at 44-45. Plaintiff is not seeking to recover the lost equity value of Zoel as a portion of his damages in this case. This point is made clear in his expert report, which expressly does not attempt to assign a value to Plaintiff' 50% equity interest in Zoel. *Id.* at 39, 45, 48. In fact, Plaintiff's expert deducts from his damages calculation the amounts Plaintiff has received in payments from Zowine for his share of the Zoel equity value. *Id.* at 48.[2]

6. Plaintiff agrees that he cannot recover damages twice. Thus, if he prevails in this case and recovers the measures of damages he has identified for breach of fiduciary duty, he agrees that he cannot retain or recover any portion of the valuation award he received in the state case. That is why his expert deducted payments he has received from the state case. Stated differently, because he seeks in this case to be restored to the financial position he would have been in if Defendants had not breached

---

[1] As Defendants noted during today's hearing, Defendant Zowine is alleged to have breached his fiduciary duties to Plaintiff and the other Defendants are alleged to have aided and abetted that breach. For simplicity, the Court refers to Defendants collectively in this order.

[2] In addition, the Court entered summary judgment on Plaintiff's loss of equity claim in this case. Doc. 310 at 12.

- 3 -

their fiduciary duties, he cannot retain the value for Zoel he was awarded in the state case that occurred because of those breaches. That would be an impermissible double recovery.

## II. Analysis.

After much effort and many hours over the last two days, the Court is persuaded that Plaintiff is correct. He is entitled in this case to seek the full damages caused by Defendants' breach of fiduciary duties – a breach that has never been litigated in state court. Those damages should reflect where he would have been, financially, had he not been forced out of Zoel. Under Arizona law, a tortfeasor is liable for all damages that occur as a result of the tort. *Elliott v. Videan*, 791 P.2d 639, 645 (Ariz. Ct. App. 1989). These may include "[t]he profit or proceeds [the plaintiff] would have received had [the defendant] performed his duties." Revised Arizona Jury Instructions (Civil), Commercial Torts 3 (5th ed. 2014).

If Plaintiff prevails, he cannot retain the financial benefits he received from the state-court dissolution he claims never should have occurred, and his damages must therefore be reduced by payments or other financial benefits he received from Zowine as a result of the state-court proceeding. If this is done, a double recovery will be avoided. It is irrelevant that the state-court valuation was based on the income approach because Plaintiff will not retain any portion of that valuation.[3]

The Court is frustrated that it took until March 30, 2016, for these issues to be clarified, but cannot conclude that the confusion up to this date is grounds for denying Plaintiff appropriate relief if he prevails on his claim for breach of fiduciary duty. As already noted, Defendants did not distinguish between lost profits and lost salary in their

---

[3] In addition to cash payments, Defendants contend that Plaintiff has received the financial benefit of not having to pay his share of contingent liabilities. Zowine apparently has sought to recoup Plaintiff's share of those liabilities by withholding some of the payments Plaintiff otherwise would have received under the state court judgment. If Plaintiff prevails in this case and disavows any financial benefit of the state-court dissolution, his share of the contingent liabilities will be unpaid and will need to be taken into account, either as an adjustment of the damages award in this case or in the state proceeding. This is an issue that can be addressed after trial should Plaintiff prevail.

- 4 -

1 motion for summary judgment, and neither side sought clarification until motions in limine were filed. Even then, the briefing was not entirely clear and the Court sought supplemental submissions. Those submissions and the oral argument on March 30 and today have led to the Court more clearly understanding the parties' positions, and to the conclusion that an award of lost profits, lost salary, and some out-of-pocket expenses (as outlined in the motion for summary judgment) can be an appropriate measure of where Plaintiff would have been had he not lost his interest in Zoel through Defendants' allegedly wrongful contact. Any concerns about double recovery will be satisfied by Plaintiff not retaining the financial benefits he received from the state-court proceeding he claims should never have occurred. This approach does not seek to re-litigate any determination made by Judge Oberbillig because he did not address or award damages for Defendants' breach of fiduciary duty.

During today's hearing, defense counsel argued that Plaintiff should not be permitted to disavow his state court recovery because Plaintiff started the state court proceeding that led to the valuation and sale of his interest in Zoel. Defendants noted that Plaintiff tried to withdraw his petition to dissolve Zoel, claiming, as he does in this case, that he was duped into seeking dissolution by Zowine and his associates. Defendants note that Judge Oberbillig rejected the attempt to withdraw, and argue that the judge's decision should have preclusive effect in this case.

The Court is not persuaded. Defendants did not seek summary judgment on Plaintiff's claim for breach of fiduciary duty on the basis of res judicata or collateral estoppel. *See* Doc. 275. Defendants' motion in limine on lost profits did not mention these doctrines. *See* Doc. 336. Nor did Defendants raise these issues in their various motions to dismiss. *See* Docs. 12, 61, 370. To the Court's knowledge, Defendants have never sought to limit Plaintiff's fiduciary duty claim on the basis of these doctrines. Raising the argument on the last business day before trial is not timely.

In addition, as Plaintiff noted during today's hearing, his motion to withdraw the petition was made without the benefit of the discovery he has received in this case. And

as Plaintiff has noted in the past, Judge Oberbillig specifically stated that he was not resolving any claims for breach of fiduciary duty. What is more, the Court has reviewed the transcript of the hearing in which Judge Oberbillig denied Plaintiff's motion to withdraw his petition for dissolution. Doc. 324-1 at 27-31. The judge noted that the petition, and Zowine's resulting election to buy Plaintiff's interest, could only be set aside under Arizona law on "equitable grounds." *Id.* at 31. He then said: "I'm not finding that there's sufficient equitable grounds to set it aside." *Id.* This ruling did not hold that Plaintiff lacked a claim for breach of fiduciary duty or that his damages in such a claim should be limited. The Court cannot conclude that Plaintiff is precluded from seeking lost profits damages by res judicata or collateral estoppel.

The parties raised an evidentiary issue during today's call about the extent of evidence that will be allowed during trial on the outcome of the state court proceeding. The Court previously decided that Defendants would be permitted to introduce in evidence Judge Oberbillig's valuation ruling. Doc. 394 at 7-8. The Court also reached this conclusion: "if Defendants present the decision and its $5,000,000 valuation, Plaintiff should be permitted to present evidence that he has been paid only $1,400,000 of this amount so far. Preventing Plaintiff from doing so would leave the jury with an incomplete picture of the state proceedings' outcome." *Id.* at 8.

If Defendants feel it important to tell the jury that Zowine has not paid more than $1,400,000 because he has taken certain offsets that were allowed by the state court decision, they may do so, but they should not describe the specific nature or amounts of the offsets. The parties can also elicit testimony that Plaintiff contests some of those offsets, but they should make clear – or the Court will instruct – that the contingent liabilities are being addressed in state court. Plaintiff may not assert that the offsets are improper or attempt to explain why, including the offset that apparently occurred yesterday. Such matters are not relevant to the issues in this case, and presenting them to the jury would risk unfair prejudice and a waste of time.

**IT IS ORDERED** that Defendants' motion in limine number 7 (Doc. 336) is

**granted in part** with respect to expert witness fees (*see* Doc. 394 at 15) and otherwise **denied**.  At trial, Plaintiff may seek compensatory damages for the alleged breaches of fiduciary duties, including lost profits.  For reasons explained above, he may not seek the lost equity value of Zoel (Doc. 310 at 12).

Because the Court has heard the parties multiple times on this issue, including the hearing today which afforded the parties an opportunity to address the very decisions in this order, motions for reconsideration of this order may not be filed.

Dated this 1st day of April, 2016.

David G. Campbell
United States District Judge