**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marc A. Wichansky, | No. CV-13-01208-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| David T. Zowine, et al., | |
| Defendants. | |

Plaintiff Wichansky has provided a proposed form of judgment (Doc. 507), Defendants have objected and proposed their own form (Doc. 517), and Plaintiff has responded (Doc. 519). A few issues require further briefing.

**I.   Joint and Several Liability.**

The jury found $11,000,000 in compensatory damages for breach of fiduciary duty, and allocated fault among some Defendants. Doc. 500. Plaintiff's form of judgment would appear to permit him to recover $11,000,000 from Defendant Zowine, $1,100 from the Ilardo Defendants, $550,000 from Defendant Johnson, $110,000 from Defendant Leon, and $27,500 from the Shanahan Defendants. Doc. 507-1. In his response, Plaintiff acknowledges that he can recover no more than $11,000,000. Doc. 519. Without citing any authority, Arizona or otherwise, Plaintiff argues that he may recover all of the $11,000,000 from Defendant Zowine, or may recover amounts in accordance with the jury's allocation of fault, or may recover something in between. *Id.* at 2-3. But this is possible only if Defendants are jointly and severally liable for the

$11,000,000 in total damages. Plaintiff fails to address the fact that Arizona has abolished joint and several liability in most cases:

> In an action for personal injury, property damage or wrongful death, the liability of each defendant for damages is several only and is not joint, except as otherwise provided in this section. Each defendant is liable only for the amount of damages allocated to that defendant in direct proportion to that defendant's percentage of fault, and a separate judgment shall be entered against the defendant for that amount. To determine the amount of judgment to be entered against each defendant, the trier of fact shall multiply the total amount of damages recoverable by the plaintiff by the percentage of each defendant's fault, and that amount is the maximum recoverable against the defendant.

A.R.S. § 12-2506(A). As the Arizona Supreme Court has explained, "The 1987 amendment, codified at A.R.S. § 12-2506, establishes a system of comparative fault, making 'each tortfeasor responsible for paying his or her percentage of fault *and no more*.' *Dietz v. Gen. Elec. Co.*, 169 Ariz. 505, 510, 821 P.2d 166, 171 (1991). Under this system of several-only liability, plaintiffs, not defendants, bear the risk of insolvent joint tortfeasors." *State Farm Ins. Cos. v. Premier Manufactured Sys., Inc.*, 172 P.3d 410, 413 (Ariz. 2007) (emphasis in *Deitz*).

The statute recognizes three exceptions to this rule, two of which are potentially applicable to this case: where Zowine and the other Defendants were "acting in concert," and where the other Defendants were acting as "an agent or servant" of Zowine. A.R.S. § 12-2506(D)(1) & (2). The phrase "acting in concert" is specifically defined in the statute. *See* § 12-2506(F)(1). The parties do not address whether either of these exceptions applies.

Finally, even if one or both of these sections could apply, the jury was not asked to decide whether Defendants were acting in concert of were agents of one another within the meaning of A.R.S. § 12-2506. The parties do not address this fact.

**II. Punitive Damages.**

Defendants argue that the jury awarded a total of $14,375,000 in punitive damages, and that this amount must be allocated among the Defendants found at fault.

Doc. 517 at 2. The Court does not agree. The verdict form was clear. The $14,375,000 constituted the amount of "punitive damages . . . assessed against Defendant Zowine." Doc. 500 at 2. The punitive damages assigned to Defendants Johnson, Leon, and Shanahan were "the amount of punitive damages that should be assessed against that Defendant." *Id.* at 5.

### III. Judgments of Acquittal.

Plaintiff concedes that judgments of acquittal should be entered against Defendants Costello, Knowlton, Mayo, and Narducci, whom the jury found not liable, but fails to acknowledge that the Court granted judgment in favor of Defendants Grant, Gonzales, and Sarah Shanahan for their allegedly tortious conduct. Doc. 478. All of these Defendants will be included in the final judgment.

### IV. Prejudgment Interest.

Plaintiff does not dispute "the rule in Arizona that prejudgment interest may not be awarded unless the claim for payment is liquidated prior to judgment." *Fairway Builders, Inc. v. Malouf Towers Rental Co.*, 603 P.2d 513, 535 (Ariz. Ct. App. 1979). Relying on *Fairway Builders*, Plaintiff argues that the amount at issue in this case was liquidated. The Court does not agree. *Fairway Builders* found the amount to be liquidated because the contract at issue called for "compensation at cost plus ten percent." *Id.* No similar formula existed here. Plaintiff asked the jury to compensate him for damages caused by Defendant Zowine's breach of fiduciary duty, which were not subject to precise calculation. *See Pueblo Santa Fe Townhomes Owners' Ass'n v. Transcon. Ins. Co.*, 178 P.3d 485, 496 (Ariz. Ct. App. 2008) ("Damages are liquidated if the evidence of damages furnishes data which, if believed, makes it possible to compute the amount of damages with exactness, without relying upon opinion or discretion. Thus, prejudgment interest begins to accrue when the amount of damages can be computed with exactness, not when the amount of damages still must be determined by opinion or discretion.") (quotation marks and internal citations omitted). Plaintiff is not entitled to prejudgment interest under Arizona law.

V.  **Post-judgment Interest.**

Plaintiff has identified no law that contradicts Defendants' assertion that 28 U.S.C. § 1961 governs the post-judgment interest rate to be applied in this case. The Court will apply that rate when it enters the final judgment. *See* § 1961(a) ("Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.").

VI. **Offsets for State Court Valuation and Contingent Liabilities.**

As the Court noted in an earlier order, "Plaintiff agrees that he cannot recover damages twice. Thus, if he prevails in this case and recovers the measures of damages he has identified for breach of fiduciary duty, he agrees that he cannot retain or recover any portion of the valuation award he received in the state case." Doc. 428 at 3. "Any concerns about double recovery will be satisfied by Plaintiff not retaining the financial benefits he received from the state-court proceeding he claims should never have occurred." *Id.* at 5.

The Court sees two financial benefits Plaintiff received from the state court valuation: the $1,400,000 in payments he has received from Zowine, and the fact that Plaintiff has not been required to pay contingent liabilities of Zoel because Zowine has offset those liabilities against payments Zowine owed to Plaintiff under the state court valuation.

Plaintiff's expert deducted the $1,400,000 from the lost profits calculation he presented to the jury. It appears that the jury largely accepted the expert's calculations, awarding $11,000,000 when the expert calculated a total of $10,360,225 in lost profits, not including future profits. The Court thus concludes that the jury award of $11,000,000 included an offset for the $1,400,000 in payments Plaintiff has received.

Plaintiff should not, however, be permitted to retain the financial benefit he received in not having to pay his share of Zoel's contingent liabilities. Plaintiff's share of

- 4 -

those liabilities has been "paid" by Zowine retaining funds he owed Plaintiff under the state court's valuation. Now that Plaintiff has disavowed the state court valuation, the funds Zowine has withheld are not owed to Plaintiff and Plaintiff must pay his share of the contingent liabilities. Plaintiff argues that Zowine has overcharged him for such liabilities, an issue that is being litigated in state court. The Court will not repeat that litigation here. The Court's judgment will make clear that Plaintiff should be required to pay the share of Zoel's contingent liabilities that the state court ultimately determines he owes. The Court will not offset the contingent liabilities against this judgment because they have not been reduced to judgment in the state court. They can be reduced to judgment, and collected from Plaintiff through appropriate state court procedures, once they have been determined in the state court litigation.

**VII.   Doe Defendants.**

Defendants argue that claims have not been pled against John Doe Leon or Jane Doe Johnson, and that no judgment should be entered against them. Doc. 517 at 3. Plaintiff does not address this issue in his response. Doc. 519.

**IT IS ORDERED** that the parties shall, by May 25, 2016, file eight-page memoranda addressing the following issues: (1) Does A.R.S. § 12-2506(A) apply to this case, requiring judgments against the individual defendants in amounts proportional to the fault assigned them by the jury? (2) Do the exceptions in § 12-2506(D) apply in this case? (3) For the exceptions in § 12-2506(D) to apply, must the jury have found that Defendants were acting in concert within the meaning of the statute or that the non-Zowine Defendants were agents of Zowine? (4) Can the Court enter judgment against John Doe Leon or Jane Doe Johnson? (5) Any other judgment-related issues the parties wish to address.

Dated this 18th day of May, 2016.

_____
David G. Campbell
United States District Judge

- 5 -