WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marc A. Wichansky, | No. CV-13-01208-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| David T. Zowine, et al., | |
| Defendants. | |

This order concerns matters related to the entry of judgment in this case. The parties have submitted proposed forms of judgment, and the Court asked the parties to provide additional briefing. Doc. 524. The parties responded. Docs. 527; 531.

Defendants have also filed a motion to defer entry of judgment. Doc. 525. Because the Court is preparing to enter judgment, it asked Plaintiff to file a response by May 25, 2016. Doc. 526. The Court also asked Defendants to file a supplemental memorandum on why their interest could not be protected by Federal Rule of Civil Procedure 60(b)(2). The parties responded. Docs. 528, 529.

The Court will first address Defendants' motion to stay. The Court then will address issues related to the judgment.

**I.  Motion to Stay.**

Defendants argue that the recent discovery, in state court litigation, of a computer that was not previously disclosed in this case warrants delaying the entry of judgment because the computer contains previously-undisclosed information relevant to this case.

Defendants ask the Court to delay entry of judgment so they can file a motion for new trial under Rule 59 after they receive the newly discovered evidence. For several reasons, the Court will deny the motion.

First, to obtain a new trial under Rule 59, Defendants must show "that they discovered the evidence after trial, that they could not have discovered the evidence sooner through the exercise of reasonable diligence, and that the new evidence is of such magnitude that it would likely have changed the outcome of the case." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 998 (9th Cir. 2001) (citation omitted). Defendants have made no showing that information contained in the computer will satisfy these requirements. Defendants assert that the computer apparently contains emails from late 2010 and early 2011, and suggests that those emails might shed light on Plaintiff Wichansky's motivation in seeking dissolution of Zoel. That question – Wichansky's reasons for seeking to dissolve the company – was perhaps the most intensely litigated issue during the jury trial. Defendants admitted numerous emails written by Wichansky during this time period to show that he intended to push Defendant Zowine out of the company. The Court took the unusual step of requiring Plaintiff Wichansky to disclose emails exchanged with his attorneys during this time, precisely because his state of mind was relevant. Defendants placed many of those emails in evidence, emphasized them to the jury, and elicited testimony from Wichansky's lawyers regarding his intentions. If the new computer contains additional emails from this period – a fact that has not been established – it appears improbable that the emails are "of such magnitude that [they] would likely have changed the outcome of the case." *Id.* In addition, Plaintiff notes that Defendants learned of the existence of the computer on March 8, 2016, approximately one month before trial, and yet took no steps to obtain information from the computer before trial. Thus, it is also possible that Defendants will be unable to show that they "could not have discovered the evidence sooner through the exercise of reasonable diligence." *Id.* In short, the Court is not confident that a delay in this case would lead to a meritorious Rule 59 motion. Given the length of this litigation, and the almost endless

duration and expense of the many other lawsuits among the parties, the Court will not defer entry of judgment on the mere possibility that the computer might contain evidence that might be relevant to this case.

Second, if relevant evidence is discovered on the computer and Defendants believe it would have significantly affected the trial, they can seek relief from the judgment under Rule 60(b)(2). Defendants express concern that the Court will lack jurisdiction over such a motion if judgment has been entered and an appeal filed, but Rule 62.1 was designed to address just that situation. If the Court concludes that a Rule 60(b)(2) motion has merit, it can state that it would grant the motion if the Court of Appeals were to remand for that purpose. *See* Fed. R. Civ. P. 62.1(a)(3). The Court of Appeals could then remand the case for entry of such an order. In the Court's experience, the Court of Appeals is virtually always willing to remand a case for a trial-court ruling that may moot the appeal. Rules 60 and 62.1 provide Defendants adequate protection in the event that truly consequential information is discovered on the computer.

Third, Defendants express concern that Plaintiff will delay production of the new computer's information so as to thwart their efforts to obtain a new trial. The material submitted by Defendants, however, show that the new computer is the subject of orders entered by a Special Master in the state court proceeding. The computer has been evaluated by an IT vendor at the order of the Special Master. Indices have been produced to the parties. Given the state court's active supervision over the production of information on the computer, the Court is not seriously concerned that Plaintiff will have the ability to delay production long enough to thwart a Rule 60(b)(2) motion.

**II.   Other Issues.**

    **A.   Joint and Several Liability.**

The parties agree that Arizona has abolished joint and several liability. A.R.S. § 12-2506(A). The parties also agree that the statute recognizes three exceptions to this rule, two of which are potentially applicable to this case: where Zowine and the other Defendants were "acting in concert," and where the other Defendants were acting as "an

agent or servant" of Zowine. A.R.S. § 12-2506(D)(1), (2).[1]

The parties disagree on whether the exceptions apply. Plaintiff claims that he proved at trial that Defendants were acting in concert and were agents of one another. Defendants argue that these issues were never presented to the jury.

As Defendants note, Plaintiff never raised the issue of joint and several liability in this case. Plaintiff's complaints made no reference to acting in concert or agent relationships. Docs. 1 at 47-48, ¶¶ 326-31; 54 at 92, ¶¶ 551-55; 160 at 91-92, ¶¶ 544-48. The Joint Pretrial Order did not list these as issues for trial. Doc. 345-1 at C, D. The parties' proposed jury instructions did not include an instruction on acting in concert or agent relationships. Rather, the instructions assumed the jury would determine Defendants' proportionate responsibility, as is necessary in cases where liability is several-only. Doc. 342 at 45, 69-71. Because Plaintiff never sought joint and several liability, the Court did not instruct the jury on joint and several liability or ask that it make any of the necessary findings for such liability. Instead, the verdict form instructed the jury to allocate fault among Defendant Zowine and any other Defendants found liable for aiding and abetting. Doc. 500.

The Arizona statute provides a precise definition for acting in concert: "'Acting in concert' means entering into a conscious agreement to pursue a common plan or design to commit an intentional tort and actively taking part in that intentional tort." A.R.S. § 12-2506(f)(1). The Court's jury instructions on aiding and abetting required the jury to find that Defendants had knowledge or a general awareness that Defendant Zowine's conduct constituted a breach of his fiduciary duty, and that Defendants provided substantial assistance or encouragement to Zowine. They did not require the jury to find that Defendants entered into a conscious agreement to pursue a plan to commit an

---

[1] Plaintiff argues that *Security Title Agency, Inc. v. Pope*, 200 P.3d 977 (Ariz. Ct. App. 2008), held that joint liability for aiding and abetting survives the enactment of § 12-2506. This is incorrect. The case holds that the *tort* of aiding and abetting survives enactment of the statute. *Id.* at 994. The case specifically recognizes that "if defendants (including a defendant who aids and abets another) *act in concert*, they may be held jointly liable for all of the resulting damages." *Id.* (emphasis added).

- 4 -

intentional tort. Doc. 533 at 16, Instruction 15. Nor was the jury asked to determine whether any Defendants was an agent of any other. Thus, the Court cannot conclude that the jury found the elements necessary for the exceptions in § 12-2506. The judgment accordingly will impose several-only liability.

### B.     Offsets.

The parties disagree on whether Plaintiff's recovery in this case should be reduced by benefits he has received from the state court proceeding. Defendants ask the Court to reduce the $11,000,000 compensatory damages award in this case by the $5,000,000 valuation arrived at in the state court case. After further careful consideration, the Court concludes that no reduction in the damages awarded in this case should occur.

The Court begins with the understanding it arrived at in its order dated April 1, 2016. Doc. 428. The reader is referred to that order, and the docket entries and history leading up to it, for a more complete understanding of the Court's conclusions. The Court provided this explanation of Plaintiff's claim in its order:

> 1.     Had Defendants not breached fiduciary duties, there would have been no dissolution of Zoel and no state court valuation. Therefore, any remedy for that breach must put Plaintiff, as nearly as possible, in the same financial position he would have been in had the breach not occurred.
>
> 2.     The state court proceeding valued Zoel, but it did not address Plaintiff's breach of fiduciary duty claim. Plaintiff has cited several excerpts from the state court record which make clear that Judge Oberbillig did not decide or award damages for Defendants' alleged breach of fiduciary duty. Doc. 402 at 4-5.
>
> 3.     This case, then, addresses questions that were never decided in the state court: did Defendants breach fiduciary duties to Plaintiff, and, if so, what damages will restore Plaintiff to the financial position he would have been in had they not breached those duties?
>
> 4.     Damages for breaches of fiduciary duty may include lost profits, lost salary, out of pocket expenses, and lost equity value. Plaintiff asserts that he has the right to choose his damages theory and select from among these possibilities.

> 5. Plaintiff has chosen, as the remedy for the breach of fiduciary duty that has never been litigated before, recovery of his lost profits and lost salary, and out-of-pocket expenses. These damages measures are set forth in his expert report. Doc. 276-6 at 44-45. Plaintiff is not seeking to recover the lost equity value of Zoel as a portion of his damages in this case. This point is made clear in his expert report, which expressly does not attempt to assign a value to Plaintiff's 50% equity interest in Zoel. *Id.* at 39, 45, 48. In fact, Plaintiff's expert deducts from his damages calculation the amounts Plaintiff has received in payments from Zowine for his share of the Zoel equity value. *Id.* at 48. [Footnote: In addition, the Court entered summary judgment on Plaintiff's loss of equity claim in this case. Doc. 310 at 12.]
>
> 6. Plaintiff agrees that he cannot recover damages twice. Thus, if he prevails in this case and recovers the measures of damages he has identified for breach of fiduciary duty, he agrees that he cannot retain or recover any portion of the valuation award he received in the state case. That is why his expert deducted payments he has received from the state case. Stated differently, because he seeks in this case to be restored to the financial position he would have been in if Defendants had not breached their fiduciary duties, he cannot retain the value for Zoel he was awarded in the state case that occurred because of those breaches. That would be an impermissible double recovery.

Doc. 428 at 2-4 (one footnote omitted).

The jury in this case accepted Plaintiff's claim. The jurors found that Defendants had breached fiduciary duties to Plaintiff, and aided and abetted those breaches, and awarded $11,000,000 in compensatory damages. These damages consisted of lost wages, lost profits, and out-of-pocket expenses. *See* Doc. 533 at 14, Instruction 13. The jury agreed with Plaintiff's assertion that had Defendants not breached fiduciary duties, he would not have lost his interest in Zoel and the profits and wages that came from that interest. Stated differently, the jury found that the state-court dissolution of Zoel occurred – and deprived Plaintiff of his future profits and wages – because of Defendants' tortious conduct.

With Plaintiff having proved to the jury's satisfaction that the state-court

1  proceeding resulted from Defendants' torts, what effect should that proceeding have on
2  the damages awarded in this case?  Defendants suggest that the Court should subtract the
3  full $5,000,000 valuation arrived at in the state court, but that would give effect to the
4  very proceeding the jury found to be the result of Defendants' wrongful conduct.  The
5  Court cannot conclude that it should treat the state-court proceeding as a legitimate
6  dissolution of Zoel, and honor its payment structure and offset procedures, when the jury
7  found that Defendants brought about that proceeding by their tortious actions toward
8  Plaintiff.  Defendants argue that the Court should not take actions that would have the
9  effect of setting aside the state court judgment – an accurate statement of the comity
10 federal courts generally should accord state courts – but in this unusual case the jury
11 found the state judgment to be the result of Defendants' torts.[2]

12       The Court concludes that the correct approach is to disregard the state court
13 proceeding for purposes of the damages awarded here.  Plaintiff has proven his theory of
14 the case, and, as noted in the language quoted above, he has the right to choose his
15 remedy.  Plaintiff has chosen to seek lost profits and wages, and out-of-pocket expenses,
16 and that is what this Court should award, consistent with the jury's verdict.  The Court
17 will not reduce that award by sums at issue in a state case which, according to the jury's
18 verdict, never should have occurred.

19       This does not mean that Plaintiff can retain the financial benefits he received from
20 the state case.  He cannot.  His election of the remedy awarded in this Court for breach of
21 fiduciary duty necessarily means that he has elected not to retain the state court remedy.
22 Plaintiff has acknowledged that fact repeatedly.  And, what should be done with the
23 benefits Plaintiff received from state court is not a matter this Court can or should attempt
24 to resolve.  The state court is the body that must decide what to do with a judgment and
25 procedure that did occur, but never should have occurred, under the jury's verdict.  The

---

[2] By reaching these conclusions, the Court does not mean to imply in the slightest that Judge Oberbillig somehow acted inappropriately or unwisely.  He resolved the case brought before him fairly and according to state law, not knowing (or deciding) that the case itself was the result of Defendants' tortious conduct.

1  Court is confident that the state court will find a fair and equitable way to unwind the
2  financial effects of its prior decision and recover from Plaintiff the financial benefits he
3  has elected not to receive.[3]

4      **IT IS ORDERED** that Defendants' motion to defer entry of judgment (Doc. 525)
5  is **denied.**  The Court will enter judgment in accordance with this order.

6      Dated this 1st day of June, 2016.

_____
David G. Campbell
United States District Judge

---

[3] The Court recognizes that it made this statement in its April 1, 2016 order: "If Plaintiff prevails, he cannot retain the financial benefits he received from the state-court dissolution he claims never should have occurred, and his damages must therefore be reduced by payments or other financial benefits he received from Zowine as a result of the state-court proceeding." Doc. 428 at 4. The Court now concludes, however, that it should not attempt to reduce the damages caused by Defendants' breach of fiduciary duty by amounts resulting from the state court proceeding Defendants brought about through their breach. This Court should instead award the damages found by the jury and elected by Plaintiff, and leave it to the state court to recoup the financial benefits Plaintiffs has now elected not to receive.