WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marc A Wichansky,<br><br>        Plaintiff,<br><br>v.<br><br>David T Zowine, et al.,<br><br>        Defendants. | No. CV-13-01208-PHX-DGC<br><br>**ORDER AND INJUNCTION** |

Following a jury trial, the Court entered judgment in the amount of $27,625,500 in favor of Plaintiff Marc Wichansky and against Defendants David Zowine, Karina Zowine, Charles Johnson, Martha Leon, Pat Shanahan, Sarah Shanahan, Michael Ilardo, and Alisa Ilardo ("Defendants"). Doc. 535. Defendants ask the Court to stay execution of the judgment without security or with security other than a supersedeas bond. The Court has reviewed the parties' briefs (Docs. 542, 543, 545, 546, 547, 549) and heard oral argument on June 15, 2016 (Doc. 548).

**I.    Rule 62(b).**

"On appropriate terms for the opposing party's security, the court may stay the execution of a judgment – or any proceedings to enforce it – pending disposition of" certain post-trial motions. Fed. R. Civ. P. 62(b). "An unsecured stay is disfavored under Rule 62(b)." *In re Apollo Grp. Inc. Sec. Litig.*, No. CV04-02147-PHX-JAT, 2008 WL 410625, at *1 (D. Ariz. Feb. 13, 2008) (citing *Int'l Wood Processors v. Power Dry, Inc.*, 102 F.R.D. 212, 214 (D.S.C. 1984)). "Nevertheless, while security should be provided

'in normal circumstances,' a district court in its discretion may grant an unsecured stay in 'unusual circumstances,' where the granting of such a stay will not 'unduly endanger the judgment creditor's interest in ultimate recovery.'" *Id.* (citing *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 760-61 (D.C. Cir. 1980); *In re Combined Metals Reduction Co.*, 557 F.2d 179, 193 (9th Cir. 1977)).

## II. Analysis.

Defendants seek a stay of execution, without security, pending resolution of post-trial motions. Alternatively, Defendants ask the Court to permit security totaling $11,000,000 (a $5,000,000 bond and a $6,000,000 letter of credit), with no security for the punitive damages portion of the judgment, or, if the Court requires security in full, that Plaintiff be granted a security interest in Zowine's stake in his company, Zoe Holding Company, Inc. The parties have briefed and argued various issues the Court will address.

### A. Denial of Rule 62(b) Relief.

Plaintiff argues that the Court must deny Defendants' Rule 62(b) request because there are no currently-pending post-trial motions. As the Court explained during oral argument, however, Rule 62(b) does not require currently-pending motions. Indeed, the deadline for filing post-trial motions has not arrived, *see* Fed. R. Civ. P. 50(d), 59(b), and yet Rule 62(b) permits a stay pending disposition of precisely those motions.

Plaintiff also argues that Defendants must show a likelihood of success in their post-trial motions, and other elements normally required for injunctive relief, before they can obtain a stay. Rule 62(b) imposes no such requirement; it looks instead to "appropriate terms for the opposing party's security" as the basis for granting a stay. Fed. R. Civ. P. 62(b); *see also FINOVA Capital Corp. v. Richard A. Alredge, Inc.*, No. CV02-01277-PHX-RCB, 2008 WL 828504, at *4-5 (D. Ariz. Mar. 26, 2008).

### B. Unsecured Stay.

A district court may "grant an unsecured stay in 'unusual circumstances,' where the granting of such a stay will not 'unduly endanger the judgment creditor's interest in

- 2 -

ultimate recovery." *In re Apollo Grp. Inc. Sec. Litig.*, 2008 WL 410625, at *1 (citations omitted). Unsecured stays are disfavored. *Id.*

Defendants have not shown unusual circumstances, or that granting an unsecured stay would not unduly endanger Plaintiff's interest in ultimate recovery. Defendants argue that they are likely to succeed in their post-trial motions, that they have encountered difficulty securing a bond to cover the full judgment amount, and that the judgment likely will be altered due to post-trial motions or offsets in state court litigation. The Court does not find that Defendants are likely to succeed on their post-trial motions, at least not to the extent of eliminating the jury verdict, and the Court previously has concluded that it will not anticipate or attempt to influence the results of the state court litigation. In addition, mere difficulty in obtaining security cannot be deemed unusual circumstances, particularly when Defendant Zowine claims to own more than $100 million in assets. The Court will not grant Defendants' request for an unsecured stay.

### C. Alternative Security.

A supersedeas bond is the typical form of security, but district courts have discretion to allow alternative forms. *See Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1367 (9th Cir. 1990); *Int'l Wood Processors*, 102 F.R.D. at 215. Alternative security must adequately protect the judgment creditor. *See Skydive Ariz., Inc. v. Quattrocchi*, No. CV05-02656-PHX-MHM, 2010 WL 2534200, at *1-3 (D. Ariz. June 18, 2010); *Int'l Wood Processors*, 102 F.R.D. at 215.

Defendants propose $11,000,000 of security in the form of an irrevocable $6,000,000 letter of credit and a $5,000,000 surety bond. Doc. 542 at 3-5. Defendants submit two affidavits describing their efforts to obtain a supersedeas bond in the full amount of the judgment. *See* Doc. 542-1 at 2-4, 10-11. Defendants retained an insurance brokerage firm to procure the bond. *Id.* at 3, ¶ 4; 10, ¶¶ 1-2. Of the twelve surety companies contacted by the firm, none was willing to issue a bond for the full judgment without full cash collateral. *Id.* at 3, ¶ 4; 10, ¶¶ 3-4. In addition, the brokerage firm estimated that a bond covering the full amount of the judgment would cost approximately

$540,000 per year. *Id.* at 3, ¶ 4; 11 ¶ 6. Defendants also detail the hardship Zowine would endure should Plaintiff execute against Zowine's interest in Zoe. Doc. 542 at 5.

Defendants fail to explain how their proposed alternative security, standing alone, would protect Plaintiff's interest in ultimate recovery. Defendants correctly state that their proposed $11,000,000 alternative security "would provide Plaintiff with the same security as a supersedeas bond in the same amount, without the significant bond costs Defendants would otherwise bear." Doc. 542 at 5. But Defendants do not explain how their proposed alternative security arrangement – which would cover less than 40% of the total judgment – would adequately protect Plaintiff's interest in ultimate recovery. Nor have Defendants provided the Court with any information for evaluating the risk associated with the proposed alternative security, such as the terms or proposed issuers of the letter of credit or the bond. As explained below, the Court concludes that something more than the proposed alternative security is required during the post-trial motion period.

### D. Security for Punitive Damages.

"If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give." Fed. R. Civ. P. 62(f). Defendants claim that they are entitled to the benefits of A.R.S. § 12-2108, which provides that security during an appeal need not include the amount of punitive damages. Defendants have not shown, however, that Rule 62(f) applies in this case.

Many courts have held that Rule 62(f) does not apply if a judgment creditor must take further action on a judgment before a lien arises under state law. *See, e.g.*, *MM Steel, L.P. v. JSW Steel (USA) Inc.*, 771 F.3d 301, 303-05 (5th Cir. 2014); *Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 17-18 & n.5 (1st Cir. 2002); *Cotton ex rel. McClure v. City of Eureka, Cal.*, 860 F. Supp. 2d 999, 1025-26 (N.D. Cal. 2012); *United States v. O'Callaghan*, 805 F. Supp. 2d 1321, 1329 (M.D. Fla. 2011); *Ribbens Int'l, S.A. v. Transport Int'l Pool, Inc.*, 40 F. Supp. 2d 1141, 1143 n.2 (C.D. Cal. 1999); *Aldasoro v.*

*Kennerson*, 915 F. Supp. 188, 190-192 (S.D. Cal. 1995); *Marandino v. D'Elia*, 151 F.R.D. 227, 229 (D. Conn. 1993).  In Arizona, a judgment creditor must take several steps to obtain a judgment lien.  *See* A.R.S. §§ 33-961, 33-964, 33-967.

Other courts have held that Rule 62(f) applies if the additional actions required by state law are merely ministerial.  *See, e.g.*, *F.D.I.C. v. Ann-High Assocs.*, No. 97-6095, 1997 WL 1877195, at *3 (2d Cir. Dec. 2, 1997); *Smith v. Vill. of Maywood*, No. 84-2269, 1991 WL 277629, at *1 (N.D. Ill. Dec. 20, 1991).  Defendants have not shown that the actions required under Arizona law are merely ministerial within the meaning of these cases.  Section 33-961 requires that a filed judgment include five specific elements, not all of which are included in the judgment issued by this Court.  Doc. 535.  In addition, § 33-967 requires that a party seeking a judgment lien file additional information.  What is more, § 33-961 creates a lien only against real property, and Defendants fail to cite the recording requirements for liens against other types of property, including, most importantly in this case, a lien against Zowine's primary asset – his interest in Zoe.

Defendants have also failed to show that A.R.S. § 12-2108(A) applies to stays during the pendency of post-trial motions.  The statute's plain text applies only to appeals.  A.R.S. § 12-2108(A) ("If a plaintiff in any civil action obtains a judgment under any legal theory, the amount of the bond that is necessary to stay execution *during the course of all appeals or discretionary reviews* of that judgment *by any appellate court* shall be . . . .") (emphasis added).

Defendants also contend that they should not be required to post security for the punitive damages because these damages are not awarded for Plaintiff's benefit.  Defendants cite *Olympia Equipment Leasing Co. v. Western Union Telegraph Co.*, 786 F.2d 794 (7th Cir. 1986), but that case is distinguishable.  The Seventh Circuit held that waiver of the bond requirement is appropriate in two circumstances: (1) where a debtor's ability to pay is so plain that a bond would be wasteful, or (2) where a bond would put the debtor's "other creditors in undue jeopardy" by forcing the debtor into bankruptcy.  *Id.* at 796.  Neither situation exists here.  It is not clear that Defendants' ability to pay is so

plain that a supersedeas bond would be wasteful, and there is no indication that the security requirement would force Defendants into bankruptcy.

### E. 125% of the Judgment.

Plaintiff argues that Defendants should be required to provide security amounting to 125% of the judgment. Doc. 543 at 6-11. Defendants respond by distinguishing the cases relied on by Plaintiff and arguing that Plaintiff's 125% requirement is arbitrary. Defendants have the better argument. Courts have required judgment debtors to post security in excess of the full amount of the judgment. *See, e.g.*, *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1109 (9th Cir. 2000) (affirming district court order requiring bond of $30,000 to secure $11,900 judgment and costs of appeal); *Lexington Ins. Co. v. Scott Homes Multifamily, Inc.*, No. CV12-02119-PHX-JAT, 2015 WL 6956091, at *2-3 (D. Ariz. Nov. 10, 2015) (requiring approximately $4,575 more than judgment to cover post-judgment interest). But Plaintiff has failed to identify any case involving a multi-million dollar judgment where the court has required the judgment debtor to provide security in the amount of 125% of the judgment.

### F. Appointment of a Receiver for Zoe.

Plaintiff asks the Court to appoint a receiver for Zoe. A receiver may be appointed to protect assets during the pendency of a lawsuit. *See Liberte Capital Grp., LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2006). When determining whether to appoint a receiver, a district court should consider whether there is adequate security to satisfy the debt. *See Canada Life Assur. Co. v. LaPeter*, 563 F.3d 837, 844 (9th Cir. 2009). Plaintiffs argue that a receiver would prevent dissipation, waste, and fraudulent transfers. Defendants respond that a receiver is necessary only if they fail to post adequate security, and is premature without full briefing and a hearing.

The Court will not appoint a receiver at this point. As the Court explains below, it will adopt measures to provide interim security to Plaintiff while post-judgment motions are resolved, and will obtain further information to make a decision about appropriate security while this case is on appeal.

### G. Security Required During Post-Trial Motions Period.

Defendants claim an inability to post full security, while also asserting that Defendant Zowine's interest in Zoe is worth more than $100 million. Defendants have provided only conclusory evidence to support these assertions, but they have provided some evidence. Plaintiff claims that Defendant Zowine is dissipating assets, but has provided only evidence of some corporate restructuring during the last few years – no evidence of attempts to hide or move assets to inaccessible locations since the jury verdict in this case. Given this less than complete record, the Court concludes that it should impose interim measures that will secure Plaintiff's judgment during the relatively short period that will be required to resolve the post-trial motions, and also require Defendants to provide more detailed information about their financial condition so the Court can make a more informed decision about the appropriate security for the longer appeal period. These interim security measures should not be viewed as a final decision on the appropriate security for this case. The Court may conclude, after obtaining additional information, that Defendants should provide a supersedeas bond or comparable security for the full amount of the judgement that remains after the post-trial motions are decided.

1. Defendant Zowine shall provide $11,000,000 in security, covering the judgments against all Defendants during the pendency of the post-trial motions, consisting of a $5,000,000 supersedeas bond and a $6,000,000 irrevocable letter of credit. To allow Zowine time to obtain this security, the Court will stay enforcement of the Judgment until Friday, June 24, 2016.[1] Defendant Zowine shall provide the Court and Plaintiff with the proposed issuers and terms of the bond and letter of credit by noon on June 22, 2016. Plaintiff may file comments on the proposal by noon on June 23, 2016. If necessary, the Court will hold a telephone conference at 11:00 a.m. on June 24, 2016. The Court will enter a stay pending resolution of the post-trial motions upon issuance of

---

[1] The Court chooses this date, in part, because the Court will be in trial the week of June 27, 2016, and will have no time to deal with these issues. Security must be settled next week.

- 7 -

the bond and letter of credit.

2. Plaintiff may immediately record the Judgment in this case against all of the Defendants named in the Judgment, in accordance with the law of the states in which Plaintiff believes Defendants own property.

3. All Defendants named in the Judgment (Doc. 535) are hereby enjoined from transferring, selling, or encumbering their personal and professional assets, including but not limited to their ownership interests in Zoe Holding Company, Inc., or any other business or entity, between now and resolution of the post-trial motions. This injunction does not prohibit these Defendants from engaging in normal household or personal expenditures, nor does it prohibit Zoe from engaging in the normal course of business, but it does prohibit the disposition, sale, or encumbrance of any of Defendants' assets in excess of $1,000. This injunction does not prohibit Defendant Zowine from taking the steps necessary to secure the bond and letter of credit referred to in paragraph 1 above.

4. Within 30 days of this order, Defendants shall provide the Court and Plaintiff, under seal, with financial statements identifying: (a) all assets owned or controlled by Defendants, in whatever form and wherever located; (b) all trusts or comparable entities of which any Defendant is a beneficiary, and the assets held by those trusts or entities; (c) all trusts or comparable entities Defendants have created for the benefit of themselves or others during the last three years, and the assets held by those trusts or entities; (d) all debts or encumbrances to which Defendants or their assets are subject; and (e) Defendants' personal federal income tax returns for each of the last four years. These financial statements shall be signed by each Defendant under penalty of perjury, attesting that they are complete, true, and correct. In addition, Defendant Zowine shall provide the Court with a professional valuation of Zoe Holding Company, Inc. and its subsidiaries. This valuation must be comparable in detail and methodology to the valuations produced by the parties in the state court litigation and clearly more substantial than the one-page valuation submitted with the briefing on this motion. It should include

1  the net profits of Zoe for each of the last four years.

2       5.    Within 30 days of this order, Defendants shall provide the Court with a
3  memorandum, not to exceed 15 pages, addressing the security that should be imposed
4  pending appeal in this case in light of the foregoing information.  Plaintiff shall file a 15-
5  page response 14 days later, and Defendants shall file an 8-page reply seven days
6  thereafter.  The Court will address the appeal security issue during oral argument on the
7  post-trial motions.

8       **IT IS ORDERED** that Defendants' motion to stay execution (Doc. 542) is
9  **granted in part** and **denied in part** as set forth above.  The parties shall comply with the
10 injunction and the disclosure and briefing requirements set forth above.

11      Dated this 16th day of June, 2016.

David G. Campbell
United States District Judge