**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marc A. Wichansky,<br><br>    Plaintiff,<br><br>v.<br><br>David T. Zowine, et al.,<br><br>    Defendants. | No. CV-13-01208-PHX-DGC<br><br>**ORDER** |

  Defendants have filed an emergency motion for clarification and reconsideration of the Court's order dated June 24, 2016 (Doc. 559). Doc. 566. The motion asks for immediate resolution and raises the specter of Defendant Zowine filing for bankruptcy. Assuming Plaintiff would want to be heard on this important possibility, the Court afforded him a short time to respond. Doc. 563.

  Plaintiff has responded (Doc. 564), and the Court is again amazed at the parties' unending ability to fight over everything – absolutely everything. The Court assumed that Plaintiff had a very real interest in avoiding Zowine's bankruptcy and its likely adverse effect on his ability to collect on the judgment, and could provide constructive suggestions with respect to Defendants' professed emergency. Instead, Plaintiff resorted to his instinct to fight on anything he could find in the emergency motion: it is not a proper motion for reconsideration, it violates the Court's local rules, it is late and dilatory, it shows that Zoe has been mismanaged, a receiver should be appointed, Zowine

admits insolvency, Zowine is about to default on his bank loans, Zowine should not be allowed to post security for other Defendants. The Court finds little helpful in this filing.

The Court will not appoint a receiver. The parties have been down that road before. It only embroiled the parties and the state court in accusations and counter-accusations, harassment of the receiver, petitions to the court to control the parties and their relationship with the receiver, etc. The Court is confident – indeed, positive – that appointment of a receiver would produce the same results here. It would simply provide more opportunities for the parties to litigate. Plaintiff's filing today reinforces that view.

The Court must decide what to do with Defendant Zowine's assertion that he cannot post $25,000,000 in security and may be forced to declare bankruptcy if the Court requires it. The Court remains perplexed by this assertion when Zowine has recently provided the Court with a new valuation of his interest in Zoe at $179,040,000, after subtracting Zoe's comparatively modest $6,656,895 in debt. The same valuation shows that Zoe, which Zowine apparently owns entirely on his own, had $13,929,872 in net income last year and $9,511,110 in net income in 2014. Despite defense counsel's explanation of cash flows, the Court cannot understand how a business so valuable and so profitable, and an individual with Mr. Zowine's apparently substantial resources, cannot produce $25,000,000 in security. Evidence at trial showed that Zowine earned millions in the years before his break-up with Mr. Wichansky. He has owned Zoe ever since, and apparently has continued to garner millions in net income annually. Zowine has provided a declaration in connection with these issues (Doc. 562-1), and his counsel have filed many pages of documents, but none of these say anything about Mr. Zowine's personal assets or wealth.

These facts, and the fact that Zowine's security proposal of June 22, 2016 was inconsistent with the Court's order and utterly inadequate, leave the Court where it was on June 24, 2016. Doc. 559. Defendant has not provided sufficient detail for the Court to conclude that he is unable to provide required security, his proposals have been insufficient to protect Plaintiff's interest, and he has had ample time to satisfy Rule 62.

The Court also concludes, however, that Plaintiff can be adequately protected in his judgments against the other Defendants by their posting security, even if it is provided by Mr. Zowine. The Court therefore modifies its June 24, 2016 order as follows:

1. Judgment has been entered against Defendant Charles Johnson in the amount of $550,000.00 in compensatory damages and $1,500,000.00 in punitive damages. Doc. 535. Because the Court continues to believe that punitive damages will be reduced somewhat as a result of post-trial motions, Mr. Johnson may obtain a stay under Rule 62(b) by posting a supersedeas bond in the amount of $1,000,000.00.

2. Judgment has been entered against Defendant Martha Leon in the amount of $110,000.00 in compensatory damages and $500.00 in punitive damages. *Id.* Ms. Leon may obtain a stay under Rule 62(b) by posting a supersedeas bond in the amount of $110,500.00.

3. Judgment has been entered against Defendants Pat Shanahan and Sarah Shanahan in the amount of $27,500.00 in compensatory damages and $750,000.00 in punitive damages. *Id.* Because the Court continues to believe that punitive damages will be reduced somewhat as a result of post-trial motions, the Shanahans may obtain a stay under Rule 62(b) by posting a supersedeas bond in the amount of $100,000.00.

4. Judgment has been entered against Defendants Michael Ilardo and Alisa Ilardo in the amount of $1,100.00 in compensatory damages. *Id.* The Ilardos may obtain a stay under Rule 62(b) by posting a supersedeas bond in the amount of $1,100.00.

5. Judgment has been entered against Defendants David Zowine and Karina Zowine in the amount of $10,311,400.00 in compensatory damages and $14,375,000.00 in punitive damages. *Id.* Because the Court continues to believe that punitive damages will be reduced somewhat as a result of post-trial motions, the Zowines may obtain a stay under Rule 62(b) by posting a supersedeas bond in the amount of $20,000,000.00.

To afford time for Defendants to meet these requirements, and in light of the impending July 4 holiday, the stay of enforcement previously imposed by the Court will be continued to 5:00 p.m. Arizona time on July 8, 2016. Supersedeas bonds should be

posted by then.  The parties shall file no further motions on this issue.

**IT IS ORDERED:**

1. Defendants' emergency motion (Doc. 566) is **granted in part and denied in part** as set forth above.

2. The stay on execution previously imposed by the Court (Docs. 551, 559) shall remain in effect until July 8, 2016 at 5:00 p.m. Arizona time.

3. The injunction previously imposed on Defendants by the Court (Doc. 551) shall remain in effect until the Court orders otherwise.

Dated this 30th day of June, 2016.

_____
David G. Campbell
United States District Judge